UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Number:   06- |
| | : | Magistrate Number:  06-94M |
| | : | |
| v. | : | VIOLATION: |
| | : | 15 U.S.C. § 78dd-2(i) |
| FAHEEM MOUSA SALAM, | : | (Foreign Corrupt Practices Act) |
| | : | |
| Defendant. | : | |

## INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Department of Justice charges:

## RELEVANT STATUTE

1.  The Foreign Corrupt Practices Act of 1977 (hereinafter, the "FCPA"), as amended, 15 U.S.C. §§ 78dd-1, *et seq.*, prohibits certain classes of persons and entities from acting corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of money or anything of value to a foreign government official for the purpose of securing any improper advantage, or of obtaining or retaining business for, or directing business to, any person.

2.  Title 15, United States Code, Section 78dd-2(i)(1), prohibits any United States person from corruptly doing any act outside the United States in furtherance of an offer, payment, promise to pay, or authorization of the payment of money or anything of value to a foreign government official for the purpose of securing any improper advantage or of obtaining or retaining business for, or directing business to, any person irrespective of whether such United States person makes use of the mails or any means or instrumentality of interstate commerce in

furtherance of such offer, payment, promise, or authorization of payment.

3.	Title 15, United States Code, Section 78dd-2(i)(2) defines a "United States person" as a "national of the United States (as defined in section 101 of the Immigration and Nationality Act (8 U.S.C. § 1101))...."  Title 8, United States Code, Section 1101(a)(22) defines a "national of the United States" as a "citizen of the United States...."

## RELEVANT PARTIES

4.	At all times relevant to this Information:

　　a.	Defendant FAHEEM MOUSA SALAM was a United States citizen, and is a "United States person" as that term is defined in 15 U.S.C. § 78dd-2(i)(2).  From on or about October 16, 2004 until on or about March 24, 2006, SALAM was employed as a translator by a United States government contractor, and lived in Iraq.  From a date unknown, but beginning at least by on or about December 12, 2005, and continuing until on or about March 24, 2006, SALAM engaged in business transactions with other known and unknown individuals unrelated to his employment as a translator.  The business transactions involved the sale of various items including business supplies, telephone cards, and food products.

　　b.	Iraqi Official A (hereinafter, "Official A") was an Iraqi citizen working in Baghdad, Iraq.  Official A is a senior official with the Iraqi Police, the Iraqi Border Guard, and the Iraqi Special Police (hereinafter collectively referred to as the "Iraqi Police Force"), and is a "foreign official" as that term is defined in 15 U.S.C. § 78dd-2(h)(2).  Official A's employment responsibilities included, *inter alia,* the oversight and management of materials requisitioned for the Iraqi Police Force.  Materials requisitioned for the Iraqi Police Force were then acquired by the Civilian Police Assistance Training Team (hereinafter, "CPATT"), a multinational organization responsible for purchasing materials for the Iraqi Police Force.

## THE OFFER TO PAY

5. On or about December 12, 2005, defendant FAHEEM MOUSA SALAM, met with Official A in Baghdad, Iraq to discuss the sale of business supplies. During the conversation, SALAM offered Official A $60,000 in exchange for Official A's assistance in facilitating the purchase of a large-scale map printer and 1,000 armored vests for the Iraqi Police Force.

6. On or about February 6, 2006, a special agent with the Office of the Special Inspector General for Iraq Reconstruction (hereinafter, the "Special Agent"), met with defendant FAHEEM MOUSA SALAM in Baghdad, Iraq. The Special Agent, posing as a procurement officer for CPATT, offered to assist SALAM in finalizing the sale of the map printer and armored vests to the Iraqi Police Force through Official A. During the meeting, SALAM offered the Special Agent $28,000 to $35,000 to process the contracts, depending on the final purchase price for the contracts.

## STATUTORY ALLEGATIONS

7. Between on or about December 12, 2005 and on or about March 24, 2006, in Baghdad, Iraq, defendant FAHEEM MOUSA SALAM, a United States person, within the meaning of the Foreign Corrupt Practices Act, did corruptly act in furtherance of an offer, payment, promise to pay, and authorization of a payment of money and anything of value to a foreign official for the purposes of: (a) influencing acts and decisions of such foreign official in his official capacity, (b) inducing acts and decisions of such foreign official to do or omit to do acts in violation of the lawful duty of such official, (c) inducing such foreign official to use his influence with a foreign government or instrumentality, and (d) securing any improper advantage, in order to assist SALAM in

obtaining and retaining business, to wit: SALAM did offer a payment of $60,000 to Official A in Baghdad, Iraq in order to secure the sale of a large-scale map printer and armored vests, as alleged and further described in paragraph 5 herein.

In violation of Title 15, United States Code, Section 78dd-2(i).

DATED this ___ day of June, 2006.


KENNETH L. WAINSTEIN
United States Attorney
District of Columbia


_____
G. BRADLEY WEINSHEIMER
Assistant United States Attorney
District of Columbia


PAUL E. PELLETIER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice


_____
MARK F. MENDELSOHN
Deputy Chief, Fraud Section
Criminal Division
U.S. Department of Justice


_____
STACEY K. LUCK
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice