

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

FILED
AUG 4 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 28, 2006

Mr. Tony Axam, Jr., Esq.
Office of the Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, D.C. 20004

      Re:    Faheem Mousa Salam
                 CR 06-157

Dear Mr. Axam:

       This letter sets forth the full and complete plea offer to your client, Faheem Mousa Salam. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia ("USAO-DC") and the United States Department of Justice, Criminal Division, Fraud Section ("Fraud Section"), (hereafter collectively referred to as "the government"). This plea offer will expire on June 16, 2006. Upon receipt, the executed letter will itself become the plea agreement. This plea agreement, including each and every paragraph, is binding on the parties, the terms of the plea agreement are not binding on the Court. The terms of the offer are as follows:

      1.    **Charges:**  Salam agrees to plead guilty to an Information charging one count of violating 15 U.S.C. § 78dd-2(i) (Foreign Corrupt Practices Act). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Salam and will be entered in accordance with Federal Rule of Criminal Procedure 11. Salam agrees that the attached "Statement of the Offense" fairly and accurately describes his actions and involvement in the charged offense. It is anticipated that during the Rule 11 plea hearing, Salam will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2.    **Potential penalties, assessments, and restitution:**  Salam understands that the maximum sentence that can be imposed for the violation charged in the Information is five years of imprisonment, a fine of $100,000, or twice the pecuniary gain or loss, whichever is greatest, a mandatory $100 special assessment, a three year term of supervised release, an order of



restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. The defendant understands that the Court will impose a sentence in accordance with the factors set forth in 18 U.S.C. Section 3553(a)(1) and (a)(2). Moreover, the defendant understands that pursuant to the Supreme Court's decision in United States v. Booker, 2005 WL 50108 (Jan. 12, 2005), the Federal Sentencing Guidelines are "effectively advisory." The defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1. Salam understands that the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. It is understood that the Sentencing guidelines are not binding on the Court. Salam further understands that if the Court imposes a sentence which is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea.

3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is our calculation of all relevant Sentencing Guideline factors:

§ 2C1.1

| | | |
|---|---|---|
| (a) | Base Offense Level | 12 |
| (b)(1) | Specific Offense Characteristic (More than one bribe) | 2 |
| (b)(2) | Specific Offense Characteristic (More than $30,000) | 6 |
| (b)(3) | Specific Offense Characteristic (Involvement of a public official in a High-level decision-making or sensitive position) | 4 |

§ 3E1.1
    Acceptance of Responsibility (subject to ¶ 7)     (-3)

FINAL ADJUSTED OFFENSE LEVEL     21

Your client understands and acknowledges that the position of the Government with respect to your client's final adjusted offense level calculation, like any other recommendation made by the United States Attorney's Office or the Fraud Section at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case. Your client and the government agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Salam in this case. In the event that this plea offer is either

not accepted by Salam or is accepted by Salam but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Salam agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the mandatory special assessment, as required in 18 U.S.C. § 3013. Salam also agrees to provide, prior to sentencing, a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Cooperation:** Salam agrees to cooperate with the government on the following terms and conditions:

a. Salam shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Salam acknowledges that his cooperation may include, but will not necessarily be limited to, testifying at any proceedings, answering questions, providing sworn written statements, taking government-administered polygraph examination(s), and participating in covert law enforcement activities;

b. Salam shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Salam further agrees to the forfeiture of all assets which are proceeds of crime and/or traceable to proceeds of crime;

c. Salam shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which his testimony may be deemed relevant by the government;

d. Salam shall neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity;

e. Salam agrees not to disclose to any person or entity the fact of or details regarding his cooperation with law enforcement authorities;

f. Salam shall provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor); and

g. Salam understands and acknowledges that nothing in this agreement

allows him to commit any criminal violation of local, state, or federal law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Salam acknowledges and agrees that such a breach of this agreement will not entitle him to move to withdraw his plea of guilty. Salam further understands that, to establish a breach of this agreement, the government need only prove his commission of a criminal offense by a preponderance of the evidence.

6.   **Government Concessions:**  In exchange for his guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Salam continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the Probation Department (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Salam in the United States District Court for the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Salam does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4).

7.   **Departure Committee:**  At the time of Salam's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation, if any, provided by Salam to the government. In addition, before sentencing, the government will inform the Departure Committees of the USAO-DC and the Fraud Section of the full nature, extent, and value of the cooperation, if any, provided by Salam to the government. If the Departure Committees determine that Salam has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Salam understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the government. Salam further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to §5K1.1 of the Sentencing Guidelines.

8.   **Reservation of Allocution:**  The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Salam's criminal activities, subject to

the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9.  **Use of Certain Information:** The United States hereby agrees that since Salam has agreed to cooperate with the United States, information provided by Salam shall not be used by the United States against him, except as follows:

   a.  information that was known to the United States prior to the date this plea agreement was agreed to by Salam may be used directly and indirectly against Salam in any criminal proceeding;

   b.  in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by Salam as part of his cooperation may be used directly and indirectly against him; and

   c.  if there is a breach of this agreement by Salam, as determined under the provisions of this agreement. In the event of such a breach, as set forth in Paragraph 10 below, the United States retains the right to use any information provided by Salam directly and indirectly at any subsequent proceeding.

10.  **Breach of Agreement:** Salam agrees that if he fails to make a complete, truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand juries, or the Court, and/or if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Salam should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Salam's release (for example, should Salam commit any conduct after the date of this agreement that would form the basis for an increase in Salam's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Salam will not have the right to move to withdraw the guilty plea; (c) Salam shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Salam, directly and

indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement. In the event of a dispute as to whether Salam has breached this agreement, and if Salam so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

11. **Presence of Counsel:** At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Salam shall be entitled to the presence, advice, and assistance of counsel, unless waived.

12. **Waiver of Indictment**: Salam agrees to waive an indictment in this matter and plead guilty pursuant to the filing of an Information.

13. **Waiver of Venue**: It is the position of the United States that venue is proper in the District of Columbia pursuant to Title 18, United States Code, Section 3238. In any event, Salam agrees to waive venue in this matter and plead guilty in the United States District Court for the District of Columbia.

14. **USAO-DC's Criminal Division and the Department of Justice, Criminal Division, Fraud Section Bound:** Salam understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Department of Justice, Criminal Division, Fraud Section. This agreement does not bind the Civil Division of this U.S. Attorney's Office for the District of Columbia or any other United States Attorney's Office, nor does it bind any other Section of the Department of Justice, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Salam.

15. **Complete Agreement:** No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Salam, Salam's counsel, an Assistant United States Attorney for the District of Columbia, and an Attorney for the Department of Justice, Criminal Division, Fraud Section.

If the foregoing terms and conditions are satisfactory, Salam may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Salam and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
United States Attorney
District of Columbia

PAUL E. PELLETIER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

MARK F. MENDELSOHN
Deputy Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: _____
G. BRADLEY WEINSHEIMER
Assistant United States Attorney
District of Columbia

_____
STACEY K. LUCK
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice

I have read this plea agreement, consisting of seven pages, and have discussed it with my attorney, Tony Axam, Jr., Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: Aug 4th 2006

_____
Faheem Mousa Salam
Defendant

I have read each of the seven pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 8/4/06

_____
Tony Axam, Jr., Esq.
Attorney for the Defendant